| | | |
|---|---|---|
| ALONZO L. WITHERS, | ) | C/A No. 4:09-00493-HMH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| DARLENE DREW | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se* petitioner filed a petition pursuant to 28 U.S.C. §2241[1] on March 3, 2009. Petitioner is currently serving a federal sentence and is currently incarcerated at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina. Respondent filed a Motion for Summary Judgment on May 19, 2009. The undersigned issued an order filed May 20, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the Motion for Summary Judgment procedure and the possible consequences if he failed to respond adequately. Petitioner had until June 23, 2009, to file a response. The undersigned issued an order on August 31, 2009, giving petitioner ten (10) days from the date of said order to respond to Respondent's Motion for Summary Judgment or his case may be dismissed pursuant to Federal Rules of Civil Procedure 41(b), and that dismissal would be considered an adjudication on the merits, i.e., with prejudice. On September 9, 2009, petitioner filed a motion for extension of time to file a response requesting an additional thirty (30) days. (Doc. #15). Said motion was granted in part and denied in part giving

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

petitioner until September 25, 2009, to file a response. Petitioner filed a response on October 14, 2009.

## I.  BACKGROUND/HISTORY

Respondent does not contest that, to the extent petitioner's claim is challenging the BOP's decision not to credit him for prior time served, this claim is properly brought under 28 U.S.C. § 2241. Respondent further asserts that petitioner has exhausted his administrative remedies with respect to this claim. Hughes v. Slade, 347 F.Supp.2d 821 (C.D.Cal.2004); Jimenez v. Warden, FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 27 (D.Mass. June 8, 2001); 18 U.S . C. § 3585; *see* United States v. Shanklin, No. 87-7395, 1988 WL 41128 at ----2 (4th Cir. April 28, 1988); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984) ["It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court."]. Therefore, this claim is properly before this Court for consideration.

The background facts are essentially uncontested. In petitioner's response in opposition to the motion for summary judgment, petitioner cites the facts from the declaration submitted by respondent and states that he "concedes to the facts in his case" but asserts respondent failed to fully address the actual circumstances raised in his petition.  (Doc. #18, p. 2). Therefore, the Statement of Facts as set forth by respondent in the memorandum, is set forth herein.

Statement of Facts

On July 1, 2003, Mr. Withers was arrested by the Charlotte-Mecklenburg, North Carolina Police for charges of Possession with Intent to Sell and Deliver Cocaine, Assault on a Government Official, and Injury to Personal Property. ***[See Exhibit #3, Declaration of J.R. Johnson, ¶4, & See***

***Exhibit #4, Arrest and Charges Summary]***.

On January 26, 2005, Mr. Withers was arrested by the Charlotte-Mecklenburg, North Carolina Police for charges of Possession with Intent to Sell and Deliver Marijuana, and Possession of a Firearm by a Felon. ***[Exhibit #3, ¶5, & Exhibit #4]***. Mr. Withers remained in state custody. ***[Id.]***.

On May 24, 2005, a one-count Bill of Indictment was filed in the United States District Court for the Western District of North Carolina, charging Mr. Withers with Possession of a Firearm by a Felon (violation of 18 U.S.C. § 922(g)). ***[Exhibit #3, ¶6]***. On May 25, 2005, a federal arrest warrant was issued. ***[Id., & See Exhibit #5, Warrant for Arrest]***.

On June 15, 2005, the United States Marshals Service executed the federal arrest warrant at the Mecklenburg County Jail, and also borrowed Mr. Withers from the state via a writ of habeas corpus ad prosequendum (WHCAP) to appear in the Western District of North Carolina for the federal offense. ***[Exhibit #3, ¶7]***. On this same day, a federal detention hearing was held in the Western District of North Carolina. ***[Id., & See Exhibit #6, Order of Detention Pending Trial]***. The Court noted that Mr. Withers was being held on state charges on a $41,000 bond he could not post, therefore he was not eligible for release. ***[Id.]***.

On July 14, 2005, the state of North Carolina dismissed the charges that resulted in Mr. Withers' arrest on January 26, 2005 (Possession with Intent to Sell and Deliver Marijuana, and Possession of a Firearm by a Felon). ***[Exhibit #3, ¶8]***. However, the state of North Carolina retained primary jurisdiction over Mr. Withers for the pending charges from

his earlier arrest on July 1, 2003 (Possession with Intent to Sell and Deliver Cocaine, Assault on a Government Official, and Injury to Personal Property). *[Id.]*.

On February 27, 2006, Mr. Withers was sentenced in the Western District of North Carolina to a 105-month term of federal imprisonment. *[Exhibit #1]*. On March 16, 2006, the United States Marshals Service returned Mr. Withers to the Mecklenburg County Jail because the WHCAP had been satisfied. *[Exhibit #3, ¶9]*. The United States Marshal Service also filed a federal detainer with the state authorities. *[Id.]*. On April 20, 2006, Mr. Withers was sentenced by the Charlotte, North Carolina, Superior Court to time served on the July 1, 2003, charges of Possession with Intent to Sell and Deliver Cocaine, Assault on a Government Official, and Injury to Personal Property. *[Exhibit #3, ¶10, & See Exhibit #7, State Sentencing Information]*.[2] On June 8, 2006, Mr. Withers was released into BOP custody for service of his federal sentence. *[Exhibit #3,¶10]*.

The BOP has computed Mr. Withers' federal sentence as commencing on April 20, 2006, (the day he completed his state sentence). *[Exhibit #3, ¶11, & Exhibit #2]*.

## II. ARGUMENTS/ANALYSIS

In his petition, petitioner challenges the computation of his state and federal sentences by the Bureau of Prisons ("BOP"). Petitioner seeks credit from the date of his federal arrest on January 26, 2005, to February 27, 2006, the date of his federal sentencing, claiming he is entitled to this

---

[2] Although petitioner objects as to what charges he was sentenced to for time served on April 20, 2006, respondent submitted copies of the sentencing sheets from state court revealing that the disposition on April 20, 2006, was for the charges of July 1, 2003. (See docs. #8-7).

additional time. In the alternative, petitioner contends that he is at least entitled to credit from June

2005, until February 2006. Specifically, petitioner asserts as follows:

> On January 26, 2005, petitioner was arrested on State charges and has remained in custody since that date.

> On June 15, 2005, Federal authorities placed a detainer that prevented Petitioner from making bail on the State charges.

> On September 8, 2005, Petitioner entered into a plea of guilty to the Federal charges in violation of Title 18 U.S.C. 922(g). And on February 27, 2006, Petitioner was sentenced in Federal Court, to a 105 months imprisonment and three years supervised release. Page 2, of petitioner's Judgement and Commitment order, states in part that "[t]he defendant is remanded to the custody of the United States Marshals" By all indications, the court intended for Petitioner's sentence to begin on the date the sentence was imposed.

> Subsequently, on April 20, 2006, Petitioner was sentenced in State court on charges relating to his July 1, 2003, arrest, i.e. probation violation that was triggered by the Federal detainer, to 365 days time served.

> On December 5, 2006, the Federal Bureau of Prisons (BOP) began Petitioner's sentence computation, with "No Jail" credit. See, Sentencing Monitoring Computation Date sheet, attached as Exhibit C. However, the same Data sheet indicates the earliest date of offense is January 26, 2005.

> Based on incorrect jail credit sentence computation sheet, Petitioner initiated his internal grievance process within the BOP and fully exhausted all administrative remedies under 28 C.F.R 542.14 thru 542.18 before proceeding with the instant Writ of Habeas Corpus.

> There are two factual aspects to consider in this argument. (1) Petitioner was denied State bail because of the federal detainer placed on him on June 15, 2005, and (2) even though Petitioner received 365 days time served sentence on the State charges, Petitioner was only required to serve six-months for the probation violation because (a): the other state charges were dismissed in lieu of the Federal detainer, and (b): because the probation was brought on by the federal detainer as well. Therefore, at a minimum, petitioner should receive jail credit beginning on June 15, 2005.

(Petition)

Respondent argues that the BOP calculation is correct in that petitioner's request is precluded

5

by 18 U.S.C. 3585(b). (See respondent's memorandum and exhibits). Respondent asserts that "Mr. Withers has not been awarded any prior credit time toward his federal sentence because the state of North Carolina gave him credit for all time spent in pre-sentence custody by sentencing him to time served. Mr. Withers is eligible to earn a total of 411 days Good Conduct Time. This results in a projected release date from his federal sentence on December 4, 2013." Id..

Additionally, respondent asserts that the placement of a federal detainer on an inmate is not a factor when the BOP makes prior custody credit determinations under §3585(b). Respondent contends that the theory on which petitioner relies is based on the scheme of prior custody credit award that was applicable under repealed 18 U.S.C. 3568 which applied only to prisoners sentenced prior to November 1, 1987, in which the courts held credit would be given against a federal sentence of all time spent in non-federal or foreign custody when the underlying basis for custody in fact was a federal warrant (i.e., a federal detainer is filed, state sets bail, defendants is unable to make bail due to the federal detainer). However, respondent argues that this line of authority was amended when §3585(b) was enacted. Additionally, respondent contends that petitioner's argument that he was not able to obtain a bond in state court due to the federal detainer is without merit. Respondent argues that the record clearly shows that petitioner was afforded the opportunity by Mecklenburg County to obtain a $41,000.00 bond but was unable to post the bond.

Pursuant to 18 U.S.C. § 3585, the Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, and he has delegated that authority to the BOP under 28 C.F.R. § 0.96 (1992). The computation of a federal sentence is

governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence.

Further, it is well-settled that a federal sentence cannot commence before it is imposed, United States v. Walker, 98 F.3d 944, 945-46 (7th Cir.1996), and a district court has no power to award presentence credit. 18 U.S.C. ¶ 3585(b); United States v. Wilson, 503 U.S. 329, 333 (1992). According to 18 U.S.C. § 3585(a), "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." The calculation of credit for prior custody is governed by 18 U.S.C. § 3585(b)(1), which provides that a "defendant shall be given credit toward the service of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b)(1). As stated above, the Attorney General, through the BOP, is vested with the authority to grant credit for prior custody. United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ("The Attorney General, through BOP, has the responsibility of administering the sentence. To fulfill this duty, BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant."). Here, the BOP has determined that petitioner was awarded all pre-sentence confinement from the date of his arrest on January 26, 2005, up to the imposition of his state sentence on April 20, 2006, toward his state sentence, which resulted in a

"time served" sentence by the state.  (See respondent's exhibit  #3).

Petitioner was borrowed from the state on June 15, 2005, by Federal authorities via a federal writ of habeas corpus ad prosequendum to appear in Federal Court on the federal offenses. However, this time period would not be credited toward petitioner's federal sentence. Prisoners who are in state custody and are removed on a federal writ of habeas corpus ad prosequendum are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit towards their state sentence. See Stewart Bailey, 7 F.3d 384, 389 (4th Cir.1993)(a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to an ad prosequendum writ; he is merely "on  loan" to that jurisdiction's authorities); United States v. Evans, 159 F.3d 908, 911-12 (4th Cir.1998); Thomas v. Whalen, 962 F.2d 358. 361 n. 3 (4th Cir.1992) (noting that, pursuant to the predecessor of § 3585, a prisoner is not in custody, but is "on loan" when he appears in federal court pursuant to a writ of habeas corpus ad prosequendum and citing a collection of case law).

Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ( "[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.' "); United States v. Kramer, 12 F.3d 130, 132 (8th Cir.1993) (explaining that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period" and holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"); United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding "section 3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time

served against one sentence if that time has already been credited against another sentence."); United States v. Arroyo, 324 F.Supp.2d 472 (S.D.N.Y. 2004) (finding that the BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence); Bacon v. Federal Bureau of Prisons, 2001 WL 34684734 (D.S.C. 2001).

In this case, the BOP has computed petitioner's federal sentence as commencing on April 20, 2006, the date he completed his state sentence as time served. (See Respondent's exhibit #2, page 2, and #3). Prior to April 20, 2006, the only time the petitioner was in federal custody after his state arrest was during the time period he was borrowed from North Carolina via a federal writ of habeas corpus ad prosequendum. However, as previously discussed, a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to an ad prosequendum writ; he is merely "on loan" to that jurisdiction. Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993). Therefore, the petitioner was in state custody from the day of his arrest on July 1, 2003, through April 20, 2006, the date he completed his state sentence. Therefore, he is not entitled to have any of this time credited to his federal sentence.

To the extent petitioner argues that he is entitled to federal credit for the time period beginning June 15, 2005, the date the federal detainer was placed on him, based on the filing of the federal detainer, that argument is without merit. A detainer filed to hold a prisoner to serve a federal term does not change his state custody status. Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir.1992). A detainer notifies the officials at the institution where a prisoner is confined that the prisoner is wanted in another jurisdiction upon release from prison. Id. at 360-61. Additionally, a review of the documents submitted by respondent reveals that the United States district court noted on June 15, 2005, that petitioner was "being held on state charges on a $41,000 bond he can't post, therefore is

not eligible for release." (See Respondent's exhibit #6, USDC Order of Detention Pending Trial). There is no evidence presented that the federal detainer prevented petitioner from being allowed to post this bond. However, even if petitioner was not able to make bail/bond because of the federal detainer, the bar on double credit under §3585 still applies.[3] Thus, contrary to petitioner's allegation, he is not entitled to any credit against his federal sentence for the time he spent in state custody.

### III. CONCLUSION

Based on the above reasons, petitioner's claim should be dismissed in its entirety for failure to exhaust his administrative remedies. It is, therefore,

Recommended that respondent's motion for summary judgment (document #8) be GRANTED, and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 26, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] In Willis v. United States, 438 F.2d 923 (5th Cir. 1993), the Court held that if a petitioner "was denied release on bail [by the state] because the federal detainer was lodged against him, then that was time spent in custody in connection with the [federal] offense." Here, Willis credit is not available to the petitioner because nothing in the record indicates that the petitioner was denied release on bail by the North Carolina state authorities because a federal detainer was lodged against him. Accordingly, the petitioner is not entitled to Willis credit.